IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN G. DUNMORE,

        Plaintiff,                        CIV. NO. S-11-2867 MCE GGH PS

    vs.

JEREMY A. DUNMORE, et al.,

        Defendants.                 ORDER

_____/

        Defendant Sidney B. Dunmore's motion to dismiss and/or to strike presently is calendared for hearing on January 19, 2012. Having reviewed the record, the court has determined that oral argument would not be of material assistance in determining the pending motion. Defendant Dunmore has now submitted the first amended complaint for review, as ordered by the court. This pleading is over 200 pages long. (Dkt. nos. 16, 17, 18.) Having reviewed the motion and plaintiff's opposition, the court has determined that the amended complaint must be dismissed with leave to amend.

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

1

490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

By virtue of its length alone, the amended complaint does not contain a short and plain statement of the claims showing entitlement to relief as required by Fed. R. Civ. P. 8(a)(2).  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).  There, the Ninth Circuit Court of Appeal upheld the dismissal of a complaint it found to be "argumentative, prolix, replete with redundancy, and largely irrelevant.  It consists largely of immaterial background information."  It observed that the Federal Rules require that a complaint consist of "simple, concise, and direct" averments.  Id.  The court does not have the resources necessary to decipher such a long document as presented by plaintiff.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Although plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim, there need not be, and should not be, excruciating detail.  Id.  Moreover,

there should not be legal briefing in the complaint.  Finally, plaintiff must attempt to winnow down those claims and defendants for which a good faith basis in fact and the law exist.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  The court will, however, grant leave to file a second amended complaint.

Accordingly, any amended complaint should **not exceed fifty pages**.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil Procedure 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff once more is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS ORDERED that:

1. Defendant Sidney B. Dunmore's motion to dismiss and/or to strike, filed December 8, 2011, is vacated without prejudice from the court's January 19, 2012 calendar.
2. Plaintiff's amended complaint is dismissed.
3. Plaintiff is granted twenty-eight days from the date of service of this order to file and serve a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules, and does not exceed **fifty pages**; the second amended complaint must bear the docket number assigned this case and must be

1  labeled "Second Amended Complaint;" plaintiff must file an original and two copies of
2  the second amended complaint; failure to file a second amended complaint in accordance
3  with this order will result in a recommendation that this action be dismissed.
4  4.   Defendants shall file a responsive pleading within twenty-eight days of being served with
5  the second amended complaint.
6  DATED: January 13, 2012

                                     /s/ Gregory G. Hollows
                                     UNITED STATES MAGISTRATE JUDGE

8  GGH:076:Dunmore2867.vac.wpd