1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STEVEN G. DUNMORE, et al.,

11            Plaintiffs,                    CIV. NO. S-11-2867 MCE GGH PS

12        vs.

13   JEREMY A. DUNMORE, et al.,

14            Defendants.                    ORDER
     _____/

15

16            Plaintiff is proceeding in this action pro se.  This proceeding was referred to this

17   court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has filed a motion to

18   recuse the undersigned from this case pursuant to 28 U.S.C. § 455.

19            Although a judge is required to disqualify himself if his impartiality might

20   reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice against a

21   party, 28 U.S.C. § 455(b)(1), the undersigned finds no reason to recuse himself here.  Remarks

22   made during the course of a judicial proceeding that are critical or hostile to a party or his case

23   ordinarily will not support a bias or partiality claim unless they reveal an extrajudicial source for

24   the opinion, or "such a high degree of favoritism or antagonism as to make fair judgment

25   impossible."  Liteky v. United States, 510 U.S. 540, 554, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474,

26   484 (1994.)  The decision regarding disqualification is made by the judge whose impartiality is at

1   issue.  Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994).

2           Where the source of alleged bias or prejudice is a judicial proceeding, plaintiff

3   must show a disposition on the part of the judge that "is so extreme as to display clear inability to

4   render fair judgment."  Liteky, 510 U.S. at 541, 114 S.Ct. at 1155.  "Opinions formed by the

5   judge on the basis of facts introduced or events occurring in the course of the current

6   proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion

7   unless they display a deep-seated favoritism or antagonism that would make fair judgment

8   impossible."  Id. at 555, 114 S.Ct. at 1157.  Bias is not found where the judge has expressed

9   anger or dissatisfaction or annoyance that are within the bounds of reasonable behavior.  Id.

10          Plaintiff contends that the undersigned is biased against him because he is not

11  represented by counsel, and that the undersigned violated 28 U.S.C. § 636(b)(1)(A) and/or

12  (b)(1)(C) by dismissing his First Amended Complaint.

13          Dismissal of a complaint by a magistrate judge does not violate section 636

14  because it is not a dispositive ruling so long as plaintiff has the opportunity to amend his

15  complaint.  Since plaintiff has been given the opportunity to amend, this court's previous order

16  was not dispositive.  The local rules provide that dispositive motions in pro se cases first be

17  referred to the magistrate judge.  E. D. Cal. L. R. 302(c)(21).  Plaintiff will have a de novo

18  review by the district judge if and when the undersigned issues findings and recommendations.

19  28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b).

20          This undersigned's actions in this case do not support disqualification.  The

21  actions taken were an appropriate response to filings.  The court's rulings do not reflect an

22  extreme disposition or deep-seated antagonism.  They do not reflect animosity, partiality, or

23  inability to render a fair judgment in the instant action.  They do not indicate bias, personal or

24  otherwise, or prejudice, personal or otherwise.  Plaintiff's request that the undersigned recuse

25  himself is denied.

26  \\\\\

2

1          Accordingly, IT IS ORDERED that: Plaintiff's motion to recuse the undersigned,

2    filed January 30, 2012, is denied.

3    DATED: February 6, 2012

4                                             /s/ Gregory G. Hollows
                                        UNITED STATES MAGISTRATE JUDGE

5    GGH:076:Dunmore2867.rec.wpd