UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

STEVEN G. DUNMORE,

      Plaintiff,

  v.

JEREMY A. DUNMORE, et al.,

      Defendants.

No. 2:11-cv-02867-MCE-GGH PS

**ORDER**

----oo0oo----

In bringing the present Ex Parte Motion or Request for Reconsideration (ECF No. 23), Plaintiff asks this Court to rescind the Magistrate Judge's January 13, 2012 Order (ECF No. 19) dismissing Plaintiff's Complaint, with leave to amend, on grounds that said Complaint is more than 200 pages in length and does not set forth a short and plain statement of the claims showing entitlement to relief, as required by Federal Rule of Civil Procedure 8(a)(2).

1  Plaintiff further asks that this Court extend the deadline for
2  filing an Amended Complaint to ten (10) days following
3  adjudication of its reconsideration request.  Finally, to the
4  extent Plaintiff files an Amended Complaint and need to serve
5  additional parties, he requests that the Clerk issue additional
6  summons to permit him to do so.
7       In reviewing a magistrate judge's determination, the
8  assigned judge shall apply the "clearly erroneous or contrary to
9  law" standard of review set forth in Local Rule 303(f), as
10 specifically authorized by Federal Rule of Civil Procedure 72(a)
11 and 28 U.S.C. § 636(b)(1)(A).[1]  Under this standard, the Court
12 must accept the Magistrate Judge's decision unless it has a
13 "definite and firm conviction that a mistake has been committed."
14 Concrete Pipe & Products of Calif., Inc. v. Construction Laborers
15 Pension Trust for So. Calif., 508 U.S. 602, 622 (1993).  If the
16 Court believes the conclusions reached by the Magistrate Judge
17 were at least plausible, after considering the record in its
18 entirety, the Court will not reverse even if convinced that it
19 would have weighed the evidence differently.  Phoenix Eng. &
20 Supply Inc. v. Universal Elec. Co., Inc., 104 F.3d 1137, 1141
21 (9th Cir. 1997).
22 ///
23 ///
24 ///

---

[1] Federal Rule of Civil Procedure 72(a) directs the district court judge to "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Similarly, 28 U.S.C. § 636(b)(1)(A), the district judge may reconsider any pretrial order "where it is shown that the magistrate's order is clearly erroneous or contrary to law."

2

1  Having read and considered the Magistrate Judge's ruling, as
2 well as Plaintiff's request for reconsideration and his
3 separately filed objections to said ruling (ECF No. 20), this
4 Court does not find the ruling to be clearly erroneous as that
5 standard has been defined above.  To the contrary, the Magistrate
6 Judge rulings were proper and defined appropriate parameters for
7 presenting an amended complaint in this matter.  By no stretch of
8 the imagination can a 200 page complaint, with some 46 pages of
9 additional exhibits, be considered a short and plain statement of
10 the case as required by Federal Rule of Civil Procedure 8(a)(1).
11  Plaintiff's Motion (ECF No. 23) is accordingly DENIED.  All
12 provisions of the Magistrate Judge's Order (ECF No. 19) remain in
13 effect, except that Plaintiff's deadline for filing an amended
14 complaint is extended to ten (10) days following the date this
15 Order is electronically filed.  Moreover, to the extent any
16 amended complaint adds additional parties, the Clerk is directed
17 to issue the necessary summons for service upon such parties.
18  IT IS SO ORDERED.

Dated: April 3, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

3