IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN G. DUNMORE,

      Plaintiff,    No. 2:11-cv-2867 MCE GGH PS

  vs.

JEREMY A. DUNMORE, et al.,

                                                  <u>ORDER</u>

      Defendants.

_____/

      Presently before the court is plaintiff Steven G. Dunmore's motion to permit service of summons by publication, filed July 16, 2012, plaintiff's notice of dismissal of defendant Financial Title Company, filed August 14, 2012, and plaintiff's request for clarification, filed August 14, 2012.

I. <u>Motion for Service of Summons by Publication</u>

      On May 10, 2012, this court denied without prejudice plaintiff's "ex parte application for order allowing service of summons by publication and by other means." By order of June 18, 2012, plaintiff was informed of the standards required to obtain service by publication, and directed to file a renewed motion to serve by publication. Plaintiff's renewed motion has now been filed and reviewed.

1

A plaintiff may serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In California, "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either: (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action...." Cal. Civ. Proc. Code § 415.50(a).

California's service by publication statute further provides that:

> The court shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served. If the party to be served resides or is located out of this state, the court may also order the summons to be published in a named newspaper outside this state that is most likely to give actual notice to that party. The order shall direct that a copy of the summons, complaint, and the order for publication be forthwith mailed to the party if his or her address is ascertained before expiration of the time prescribed for publication of the summons. Except as otherwise provided by statute, the publication shall be made as provided by Section 6064 of the Government Code unless the court, in its discretion, orders publication for a longer period.

Cal. Civ. Proc. Code § 415.50(b). "Service of a summons in this manner is deemed complete as provided in Section 6064 of the Government Code." Cal. Civ. Proc. Code § 415.50(c). Section 6064 of California's Government Code, in turn, provides that: "[p]ublication of notice pursuant to this section shall be once a week for four successive weeks. Four publications in a newspaper regularly published once a week or oftener, with at least five days intervening between the respective publication dates not counting such publication dates, are sufficient. That period of notice commences with the first day of publication and terminates at the end of the twenty-eighth day, including therein the first day." Cal. Gov't Code § 6064.

Reasonable diligence requires that the plaintiff "took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances."

2

1  McNamara v. Sher, 2012 WL 760531, *3 (S.D. Cal. Mar. 8, 2012) (citation omitted).

> The term 'reasonable diligence' takes its meaning from the former law: it denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney. A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient. These are likely sources of information, and consequently must be searched before resorting to service by publication."

McNamara v. Lee, 2011 WL 4635618, *2 (S.D. Cal. Oct. 5, 2011) (quoting Kott v. Superior Court, 45 Cal.App.4th 1126, 1137, 53 Cal.Rptr.2d 215 (2d Dist.1996)). "Service by publication is disfavored and is permitted only 'as a last resort.'" Sher, 2012 WL 760531, at *2.

Plaintiff's renewed motion now demonstrates his attempts to investigate and serve defendants in accordance with these guidelines. The court finds that service by publication is appropriate for individual defendants Jeremy A. Dunmore, Sidney D. Dunmore, Chady Evette Dunmore, Kelly Houghton, Mary Neilson, Shelli R. Donald, and Kathleen L. Dunmore, as demonstrated by plaintiff's renewed motion.[1] Plaintiff's "amended and restated" declaration demonstrates that he has attempted to serve these individual defendants several times by personal and substituted service. He has also searched telephone directories, the internet, and real property records. The process server's declaration of diligence, filed with plaintiff's motion, confirms that attempts were made to serve these defendants personally at a known address. In regard to individual defendants Jeremy A. Dunmore, Sidney D. Dunmore,[2] Chady Evette Dunmore, Kelly Houghton, Mary Neilson, and Shelli R. Donald, the process server encountered

---

[1] Plaintiff has separately filed proofs of service with attached declarations by process server Gary Pultz showing attempts at personal service, followed by substituted service on defendants GSJ Company, LLC, Sidney D. Dunmore, and Jeremy A. Dunmore. (Dkt. nos. 60-63.)

[2] Additionally, in regard to Sidney D. Dunmore, plaintiff has submitted a letter from the owner of Granite Bay Postal, indicating that this defendant formerly maintained a mailbox with this business, but no longer has one, and has no forwarding address. (Dkt. no. 59, Ex. E.)

a person at the known address who stated either that he or she now occupied the premises and did not know the defendant, or that the defendant no longer occupied the premises. In regard to Kathleen L. Dunmore, the process server stated that the office premises were vacant and no new address was posted. (Dkt. no. 46.)

In regard to corporate defendants GSJ Company, LLC; GSJ Company, LP; Maximillion Capital, LLC; Acquisition Venice, LP; Acquisition Phoenix-Miami, LP; Acquisition West Hatcher, LP; and Amberwood Investments, LLC;[3] plaintiff has now demonstrated due diligence in service efforts, warranting service by publication. Not only has plaintiff attempted personal and substituted service, but he has also searched telephone directories, the internet, real property records, and California Secretary of State records. Plaintiff has attached internet printouts from the California Secretary of State website for the aforementioned corporate defendants which provides information such as the entity's address, the agent for service of process, and the entity's status. The printouts state that although current as of July 13, 2012, they are "not a complete or certified record of the entity." (Dkt. no. 59, Ex. A.) These printouts indicate that defendants GSJ Company, LP; Maximillion Capital, LLC; Acquisition Venice, LP; Acquisition Phoenix-Miami, LP; Acquisition West Hatcher, LP; and Amberwood Investments, LLC; are "active," while only GSJ Company, LLC is "suspended."

The declaration of plaintiff's process server also reflects his attempts at service on businesses GSJ Company, LLC; GSJ Company, LP; and Maximillion Capital, LLC. In all cases, either the business office was vacant and no new address was posted, or the current tenant informed him that the corporate defendant no longer occupied the premises. (Dkt. no. 46.) With respect to defendants Acquisition Venice, LP; Acquisition Phoenix-Miami, LP; Acquisition West Hatcher, LP; and Amberwood Investments, LLC; plaintiff and his process server have not specifically shown attempts at service, but plaintiff's declaration does outline the same general

---

[3] Plaintiff is separately requesting dismissal of defendant Financial Title Company.

4

attempts at service as set forth above in regard to the other defendants.  In regard to these four business defendants, plaintiff states that they were located at the same address as Maximillion Capital LLC and Kathleen Dunmore, and he has attached a printout from www.corporationwiki.com indicating that these defendants are affiliated with Maximillion Capital LLC and Kathleen Dunmore.  (Dkt. no. 59, Ex. C.)

In the case of a corporation or other business entity, service must be effectuated in accordance with Fed. R. Civ. P. 4(h), which provides, in part, that:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual [which permits "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"]; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant....

Fed. R. Civ. P. 4(h).  Service of process on a corporation under California law "may" be effectuated by service on an agent designated for service of process; service on a president, chief executive officer or other head of the corporation, vice president, secretary, assistant secretary, treasurer, assistant treasurer, controller, chief financial officer, or general manager; or service on a person authorized by the corporation to receive service of process.  Cal. Civ. Proc. Code § 416.10.  Alternatively, service may be effectuated by leaving a copy of the summons and complaint during office hours with a "person who is apparently in charge," and thereafter mailing a copy of the summons and complaint by U.S. Mail.  See Cal. Civ. Proc. Code § 415.20.

\\\\\

1   Corporations that have been suspended by California's Secretary of State but
2  continue to operate as an ongoing business during the suspension, may be served pursuant to Cal.
3  Code Civ. Proc. § 416.10.  Here, GSJ Company, LLC is represented as being suspended, but
4  there is no information concerning whether it is in active operation.  See Gibble v. Car-Lene
5  Research, Inc., 67 Cal.App.4th 295, 302, 78 Cal. Rptr.2d 892, 896 (1998); Schwab v. Southern
6  California Gas Company, 114 Cal.App.4th 1308, 1320 n. 9, 8 Cal.Rptr.3d 627, 635 n.9 (2004).
7   In any event, the statute permitting service by publication is not limited to
8  individual defendants but specifically refers to a "party."  Cal. Civ. Proc. Code § 415.50.  Thus
9  far, all plaintiff's service attempts have been unsuccessful.  (See Dkt. No. 59.)
10   The court concludes that plaintiff has demonstrated the "reasonable diligence"
11  required by Cal. Civ. Proc. Code § 415.50(a).  Additionally, without prejudice to any future
12  motion to dismiss or other motion brought by these as yet unserved defendants, the court finds on
13  the present record before it that a cause of action exists against them.  Therefore, given that
14  defendants last resided in the Sacramento Valley area, the court orders that the summons shall be
15  published in the Sacramento Bee newspaper along the terms specified below.
16  II.  <u>Dismissal of Defendant Financial Title Company</u>
17   Plaintiff has requested that defendant Financial Title Company be dismissed with
18  prejudice.  This defendant has not been served and has not made an appearance.  Pursuant to Fed.
19  R. Civ. P. 41(a), defendant Financial Title Company will be dismissed.
20  III.  <u>Plaintiff's Request for Clarification</u>
21   Plaintiff seeks clarification of whether attorney Jeppson intends to continue
22  representation of defendant Garcia, despite this court's order of August 9, 2012, based on
23  apparent inconsistent filings prior to that order, indicating that Jeppson was both withdrawing as
24  counsel and continuing his representation.  (See Dkt. Nos. 48, 51, 55.)  Plaintiff is informed that
25  *until* the August 9, 2012 order was issued, Mr. Jeppson was attorney of record for defendant
26  Garcia and properly represented him.  E. D. Local Rule 182(d).  Mr. Jeppson filed the notice of

appearance on July 24, 2012, because the Local Rules of this court required him to be listed as counsel for service, and until that date, he had neglected to so list himself. E.D. Local Rule 182(c)(1). The August 9, 2012 order requires no further clarification.

CONCLUSION

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion for leave to serve defendants Jeremy A. Dunmore, Sidney D. Dunmore, Chady Evette Dunmore, Kelly Houghton, Mary Neilson, Shelli R. Donald, Kathleen L. Dunmore, GSJ Company, LLC; GSJ Company, LP; Maximillion Capital, LLC; Acquisition Venice, LP; Acquisition Phoenix-Miami, LP; Acquisition West Hatcher, LP; and Amberwood Investments, LLC, with process by publication, filed July 16, 2012, (dkt. no. 44) is granted.

2. Defendants Jeremy A. Dunmore, Sidney D. Dunmore, Chady Evette Dunmore, Kelly Houghton, Mary Neilson, Shelli R. Donald, Kathleen L. Dunmore, GSJ Company, LLC; GSJ Company, LP; Maximillion Capital, LLC; Acquisition Venice, LP; Acquisition Phoenix-Miami, LP; Acquisition West Hatcher, LP; and Amberwood Investments, LLC, shall be served by publication pursuant to Fed. R. Civ. P. 4(e)(1) and Cal. Civ. Proc. Code § 415.50.

3. Within seven (7) days of this order, plaintiff shall make arrangements to publish summons for defendants Jeremy A. Dunmore, Sidney D. Dunmore, Chady Evette Dunmore, Kelly Houghton, Mary Neilson, Shelli R. Donald, Kathleen L. Dunmore, GSJ Company, LLC; GSJ Company, LP; Maximillion Capital, LLC; Acquisition Venice, LP; Acquisition Phoenix-Miami, LP; Acquisition West Hatcher, LP; and Amberwood Investments, LLC, in the Sacramento Bee newspaper once a week for four successive weeks, and shall file a declaration indicating when the notices will be published. Service will be deemed complete as provided in Cal. Gov't Code § 6064.

4. Within seven (7) days of this order, plaintiff shall send copies of the summons, operative complaint, and this order for publication to defendants Jeremy A. Dunmore, Sidney D. Dunmore, Chady Evette Dunmore, Kelly Houghton, Mary Neilson, Shelli R. Donald,

1  Kathleen L. Dunmore, GSJ Company, LLC; GSJ Company, LP; Maximillion Capital, LLC;
2  Acquisition Venice, LP; Acquisition Phoenix-Miami, LP; Acquisition West Hatcher, LP; and
3  Amberwood Investments, LLC, via mail at all of their known mailing addresses.  Furthermore, a
4  copy of the summons, the second amended complaint, and this order for publication shall be
5  forthwith sent to defendants Jeremy A. Dunmore, Sidney D. Dunmore, Chady Evette Dunmore,
6  Kelly Houghton, Mary Neilson, Shelli R. Donald, Kathleen L. Dunmore, GSJ Company, LLC;
7  GSJ Company, LP; Maximillion Capital, LLC; Acquisition Venice, LP; Acquisition Phoenix-
8  Miami, LP; Acquisition West Hatcher, LP; and Amberwood Investments, LLC, at any additional
9  addresses ascertained before expiration of the time prescribed for publication of the summons.

10     5.  Pursuant to Plaintiff's request, filed August 14, 2012, (dkt. no. 65), defendant
11  Financial Title Company is dismissed with prejudice from this action.

12  DATED: September 20, 2012

14                        /s/ Gregory G. Hollows
15                 UNITED STATES MAGISTRATE JUDGE

18  GGH/076
    Dunmore2867.serv.pub.wpd