IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN G. DUNMORE,

Plaintiff, No. 2:11-cv-2867 MCE AC PS

vs.

JEREMY A. DUNMORE, *et al.*,

Defendants. FINDINGS & RECOMMENDATIONS

_______________________________________/

Pending before the court is plaintiff's August 29, 2012 motion to dismiss and/or strike defendant Sidney B. Dunmore's Answer (in part) and dismiss alleged counterclaim. ECF No. 67. On September 25, 2012, the court vacated the hearing on plaintiff's motion and submitted the matter on the record. ECF No. 76. On review of the motion, the documents filed in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This action, which is premised on federal and state law, was initially filed in the Sacramento County Superior Court and removed to this court on October 28, 2011 pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b). Plaintiff is Steven G. Dunmore, proceeding as the

Assignee of Claims, the Named Beneficiary of the Declaration of the Dunmore Family Trust, and the Attorney-in-Fact for Ruth Dunmore, plaintiff's mother. Plaintiff's April 16, 2012 second amended complaint ("SAC") is the operative pleading. ECF No. 26. The SAC sets forth thirteen claims and names nineteen defendants: Sidney B. Dunmore; Jeremy A. Dunmore; Sidney D. Dunmore; GSJ Company, LLC (dba "Dunmore Communities"); GSJ Company, LP; Kathleen L. Dunmore; Chady Evette Dunmore; Anthony J. Garcia; Claude F. Parcon; Kelly Houghton; Mary R. Neilson; Shelli R. Donald; L. [Lynda] Tremain; Maximillion Capital, LLC; Canyon Falls Group, LLC; Acquisition Venice, LP; Acquisition Phoenix-Miami, LP; Amberwood Investments, LLC; and Acquisition West Hatcher, LP.[1] Stated generally, this action arises from the allegedly fraudulent conduct of the descendants of Ruth Dunmore, as well as other individuals and related entities. Relevant here, plaintiff brings suit against Sidney B. Dunmore (hereafter, "Sidney B."[2]), plaintiff's brother and Ruth Dunmore's son, for Financial Elder Abuse and Quia Timet.[3]

On August 8, 2012, Sidney B. filed an answer and counterclaim. ECF No. 56. As to 196 of the 208 paragraphs in the SAC, this defendant responded as follows: "Denied based upon lack of personal knowledge, and the fact that the word 'Defendants' is used conjunctively throughout, without specificity as to this answering defendant." Sidney B. also asserted 21 affirmative defenses and five "counterclaims," including that plaintiff be deemed a vexatious litigant.

On August 29, 2012, plaintiff filed the instant motion, which Sidney B. opposes.

---

[1] Plaintiff also named Financial Title Company, but later dismissed this entity with prejudice. See ECF No. 65.

[2] Because many of the parties possess the same surname, reference will be made to the individuals' first name and, when necessary, first name and middle initial.

[3] "Quia timet (literal translation, 'because he fears'), is an action for equitable relief against an anticipated injury." Escrow Agents' Fidelity Corp. v. Superior Court, 4 Cal. App. 4th 491, 494 (Cal. Ct. App. 1992).

DISCUSSION

A. Legal Standards

1. Federal Rule of Civil Procedure 12(f)

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). At the same time, 12(f) motions are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). Indeed, a motion to strike "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." Neveau v. City of Fresno, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (quoting Colaprico v. Sun Microsystems, Inc., 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)). Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings. Wyshak v. City Nat'l Bank, 607 F.2d 824, 826 (9th Cir. 1979); see also Fed. R. Civ. P. 15(a)(2).

An affirmative defense may be insufficient as a matter of pleading or as a matter of law. Sec. People, Inc. v. Classic Woodworking, LLC, 2005 WL 645592, at *2 (N.D. Cal. 2005). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives the plaintiff fair notice of the defense." Wyshack, 607 F.2d at 827 (citing Conley v. Gibson, 355 U.S. 41 (1957)) (emphasis added); Simmons v. Navajo, 609 F.3d 1011, 1023 (9th Cir. 2010). Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense. See Conley, 355 U.S. at 47. It does not, however, require a detailed statement of facts. Id. at 47-48. On the other hand, an affirmative defense is legally insufficient only if it clearly lacks merit "under any set of facts the defendant might allege." McArdle v. AT

& T Mobility, LLC, 657 F. Supp. 1140, 1149-50 (N.D. Cal. 2009).

A court may also strike responses that are immaterial or impertinent. Fed. R. Civ. P. 12(f). An immaterial response "has no essential or important relationship to the claim for relief of the defense being pleaded." Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed. 2012). Impertinent responses do not pertain, and are not necessary, to the issues in question. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal citations omitted), rev'd on other grounds, 510 U.S. 517 (1994).

2. Federal Rule of Civil Procedure 12(b)(6)

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

B. Analysis

Here, plaintiff asks the court to strike certain denials or defenses in Sidney B.'s answer pursuant to res judicata and/or collateral estoppel principles. He also requests the dismissal of Sidney B.'s counterclaims for "abuse of process" and "vexatious litigant," or otherwise on res judicata and/or collateral estoppel principles.

////

1. Motion to Strike

Plaintiff accuses Sidney B. of asserting improper denials or insufficient defenses, including certain affirmative defenses, over issues or matters that have been either previously adjudicated by other courts and/or that have previously been determined as "conceded" or "waived" for failure to address the specific factual allegations against him.

Specifically, plaintiff moves to strike those responses in Sidney B.'s answer that are based on lack of personal knowledge as to the veracity of allegations concerning the assignment of Ruth Dunmore's claims and the identities of Sidney B.'s sons, Sidney D. and Jeremy, and Sidney B.'s ex-wife, Kathleen Dunmore. Sidney B.'s answer gives plaintiff fair notice of his positions relating to each averment in the SAC, and that is all that is required at the pleading stage of litigation. Conley v. Gibson, 355 U.S. 41, 47-48 (1957). Whether or not Sidney B. had or should have had knowledge of the allegations in the SAC is a question of fact; factual determinations are not appropriate in a Rule 12(f) motion to strike.

Plaintiff also moves to strike Sidney B.'s denial that is based on "the fact that the word 'Defendants' is used conjunctively throughout, without specificity as to this answering defendant." Plaintiff asserts that this denial is disingenuous because he has specified in the SAC those claims against Sidney B., including financial elder abuse. The court agrees. A cursory reading of the SAC reveals that plaintiff does not used the word "Defendants" conjunctively. Quite the opposite, the SAC sets forth specific allegations as to each identified defendant, and it clearly identifies those defendants against whom specific claims are brought.

Finally, plaintiff moves to strike the following affirmative defenses in Sidney B.'s answer: (1) failure to state any cause of action, (2) no damages, and (3) illusory contract. "Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." Fed. Deposit Ins. Corp. v. Main Hurdman, 655 F. Supp. 259, 262 (E.D. Cal. 1987) (citing Gomez v. Toledo, 446 U.S. 635, 640-41 (1980). The defendant bears the burden of proof on an affirmative defense.

See Kanne v. Conn. Gen. Life Ins. Co., 867 F.2d 489, 492 n.4 (9th Cir. 1988). In contrast, "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir.2002).

None of the three challenged defenses are actually affirmative defenses. As to the first, failure to state a claim is an assertion of a defect in plaintiff's prima facie case, not an affirmative defense. Joe Hand Promotions, Inc. v. Estrada, 2011 WL 2413257 (E.D. Cal. June 7, 2011) (citing Boldstar Tech., LLC v. Home Depot, Inc., 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense."). Similarly, the defense of "no damages" fails because it is not a true defense, but instead a claim of defect in plaintiff's prima facie case. Lastly, the defense of "illusory contract" also asserts a defect in plaintiff's prima facie case. Plaintiff's motion to strike should be granted as to these mis-designated "affirmative defenses."

2. Motion to Dismiss

Plaintiff next seeks dismissal of Sidney B.'s counterclaims for "abuse of process" and "vexatious litigant." Challenges to the sufficiency of a counterclaim under Rule 12 are subject to the same rules as when they are directed toward an original complaint. Wright, Miller, Kane, & Marcus, 6 Fed. Prac. & Proc. Civ. § 1407 (3d ed. 2012). The allegations in the pleading being attacked are taken as true, and the motion will be denied if there is any plausible theory upon which relief ultimately might be granted. Id.

Here, Sidney B's. "counterclaim" for vexatious litigant fails on its face because a request that plaintiff be deemed a vexatious litigant is not an independent cause of action. As to the counterclaim for abuse of process, the essential elements of an abuse of process claim are: (1) that the defendant used a legal process in a wrongful manner, not proper in the regular conduct of a proceeding, to accomplish a purpose for which it was not designed; (2) that the defendant acted with an ulterior motive; (3) that a willful act or threat was committed by defendant, not

authorized by the process and not proper in the regular conduct of the proceedings; and (4) that the defendant's misuse of the legal process was a cause of injury, damage, loss or harm to the plaintiff. Ion Equipment Corp. v. Nelson, 110 Cal. App. 3d 868, 876 (Cal. Ct. App. 1980). The court notes that defendant has failed to set forth any factual allegations as to this claim. Instead, he states only that "[t]his action was brought to harass Defendant, and without cause," and that "[t]his action constitutes an abuse of process." Answer at 21. This is insufficient to withstand a motion to dismiss.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's August 29, 2012 motion to dismiss and/or strike be granted in part. Plaintiff's motion to strike should be denied as to Sidney B.'s denials for lack of personal knowledge. The motion should be granted in all other respects.

2. Defendant be granted leave to amend his counterclaims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 7, 2013.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;dunm2867.mtd