IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN G. DUNMORE,

      Plaintiff,                             No. 2:11-cv-2867 MCE AC PS

    vs.

JEREMY A. DUNMORE, *et al.*,

      Defendants.                       <u>ORDER</u>

/

        Pending before the court are plaintiff's motions for clarification of a prior court order. ECF Nos. 78, 82. In these motions, plaintiff asserts his inability to comply with the court's September 20, 2012 order granting plaintiff leave to serve defendants with process by publication and directing plaintiff to send copies of the summons, operative complaint, and order for publication on the defendants at their known mailing address.

        As to the court's order directing plaintiff to serve a copy of the complaint and summons on the defendants at their known mailing addresses, plaintiff claims that the reason he was granted leave to serve by publication was because he is unaware of the defendants' current mailing addresses and, as such, the court's directive would be futile. Plaintiff also seeks an order setting forth the process by which the business defendants can be served pursuant to California

1

law.  Plaintiff argues that service may not be completed by publication on business defendants.

Plaintiff is properly concerned about service of process on the numerous defendants in this action.  This is because "[a] federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Federal Rule of Civil Procedure 4." Direct Mail Specialists v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988).  While Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint, United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984), "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction" absent substantial compliance with its requirements.  Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986).

Objections to service are brought pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, which permits a defendant to challenge the method of service attempted by plaintiff.  Under Rule 12(h)(1), the defense of insufficiency of service is waived if omitted from a motion filed under the circumstances described in Rule 12(g)(2).  See Fed. R. Civ. P. 12(h)(1).  Rule 12(g)(2) in turn requires a defendant to raise certain Rule 12 defenses—including insufficient process—in a single motion.  See Fed. R. Civ. P. 12(g)(2); see also Am. Ass'n of Neuropathic Physicians v. Hayhurst, 227 F.3d 1104, 1107 (9th Cir. 2000) ("[A] party 'who by motion invites the court to pass upon a threshold defense should bring forward all the specified defenses [personal jurisdiction, improper venue, insufficient process, or insufficient service] he then has and thus allow the court to do a reasonably complete job.'") (citing Rule 12, advisory committee's note).  A responsive pleading by a defendant that fails to dispute personal jurisdiction waives any defect in service or personal jurisdiction.  See Benny, 799 F.2d at 492 (citing Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982)).

The court has reviewed the docket in this case and finds that all but three of the nineteen named defendants have filed an answer to the operative second amended complaint, filed April 16, 2012 (ECF No. 26): Anthony J. Garcia and Canyon Falls Group (ECF No. 55);

Lynda Tremain (ECF No. 58); Sidney B. Dunmore (ECF No. 56); Jeremy Dunmore (ECF No. 84); Sidney Dunmore (ECF No. 85); GSJ Company LP (ECF No. 86); Chady Evette Dunmore (ECF No. 87); Claude Parcon (ECF No. 88); Kathleen Dunmore (ECF No. 89); Acquisition Phoenix-Miami, LP, Acquisition Venice, LP, Acquisition West Hatcher, LP, Amberwood Investments, LLC, Maximillion Capital, LLC (ECF No. 90); and GSJ Company LLC (ECF No. 91). The following three defendants have not yet appeared: Kelly Houghton, Mary Neilson, and Shelli Donald.

None of the appearing defendants, either through a motion to dismiss or in their respective answers, challenged the sufficiency of service on them. Having failed to raise this defense in their responsive pleadings, these defendants waived their right to object to the sufficiency of service under Rule 12(b)(5). Accordingly, plaintiff will be excused from complying with the court's September 20, 2012 order regarding mailing a copy of the summons, the operative pleading, and the court's order for publication on these defendants because the issue of proper service has now been mooted. However, plaintiff will be directed to comply with the court's order as to defendants Houghton, Neilson, and Donald, despite the alleged futility.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions for clarification dated October 1, 2012 and October 9, 2012 are granted. Plaintiff shall serve a copy of the summons, operative pleading, and this court's September 20, 2012 order for publication on defendants Houghton, Neilson, and Donald at their *last known* mailing addresses. Plaintiff shall submit proof of this service within seven days from the date of this order.

DATED: May 6, 2013.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;dunm2867.jo_clar