UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN DUNMORE,

Plaintiff,

v.

SIDNEY D. DUNMORE, et al.,

Defendants.

No. 2:11-cv-2867 MCE AC PS

ORDER

On July 24, 2013, the court held a hearing on defendants Sidney B. Dunmore, Anthony Garcia, and Canyon Falls Group, LLC ("Canyon Falls") (collectively, "the moving defendants") motion to compel and on plaintiff Steven Dunmore's motion to strike. Steven Dunmore appeared in propria persona. Gary Gorski appeared on behalf of the moving defendants. On review of the motions, the documents filed in support and opposition, upon hearing the argument of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A. General Background

This action was initially filed in the Sacramento County Superior Court and was removed to this court on October 28, 2011 pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b). Plaintiff's April 16, 2012 second amended complaint ("SAC") is the operative pleading. ECF No. 26.

Plaintiff is Steven G. Dunmore, proceeding as the Assignee of Claims, the Named Beneficiary of the Declaration of the Dunmore Family Trust[1] ("the Trust"), and the Attorney-in-Fact for Ruth Dunmore, plaintiff's mother.

Stated generally, plaintiff accuses Ruth Dunmore's grandsons (Sidney D. and Jeremy Dunmore[2]) of obtaining loans either fraudulently or through undue influence from their grandparents and then defaulting on the loans in the amount of $12M-$15M. Ruth Dunmore settled some of these loans, but not all. Because of her age at the time that these issues arose (she was 86), Ms. Dunmore petitioned to sell the Trust's interest in claims against the grandsons to plaintiff for $1 and 55% of any recovery. The state court in Placer County granted Ms. Dunmore's petition and assigned the claims to plaintiff. This assignment was affirmed on appeal.

The SAC names nineteen defendants, all of whom have been served and have now appeared in this action: Sidney B. Dunmore; Jeremy A. Dunmore; Sidney D. Dunmore; GSJ Company, LLC (dba "Dunmore Communities"); GSJ Company, LP; Kathleen L. Dunmore; Chady Evette Dunmore; Anthony J. Garcia; Claude F. Parcon; Kelly Houghton; Mary R. Neilson; Shelli R. Donald; L. [Lynda] Tremain; Maximillion Capital, LLC; Canyon Falls; Acquisition Venice, LP; Acquisition Phoenix-Miami, LP; Amberwood Investments, LLC; and Acquisition West Hatcher, LP.

Plaintiff brings the following twelve claims: (1) Federal RICO Act Violations; (2) RICO Criminal Conspiracy (Civil RICO Liability); (3) Actual Fraud & Deceit – Financial Fraud & False Representation; (4) Actual Fraud & Deceit – Fraudulent Concealment / Representation; (5) Financial Elder Abuse; (6) Breach of Contract & Guaranty; (7) Unjust Enrichment; (8) Indemnity; (9) Fraudulent Transfer; (10) Civil Conspiracy or Aiding and Abetting the Commission of Torts; (11) Successor Entity Liability; and (12) Quia Timet. Though no specific number has been offered for damages, plaintiff does seek at times double or triple statutory or

[1] The Dunmore Family Trust is a trust created by Ms. Dunmore and her now-deceased husband George in 1977. Following George's 2007 passing, Ms. Dunmore allocated George's estate into separate trusts: 50% in a Survivor's Trust and 50% in a Decedent's Trust. This action concerns the Decedent's Trust, of which Ms. Dunmore is the Trustee.

[2] Sidney D. and Jeremy are the sons of defendant Sidney B.

civil penalties for the alleged violations, as well as punitive damages.

Ruth Dunmore passed away in late January 2013. At the time of her death, Ms. Dunmore resided in Australia, and there is a probate action presently pending in that country. Plaintiff asserts that his former power-of-attorney has lapsed by operation of state law, and he has not yet been appointed as Ms. Dunmore's personal representative by the probate court.

On June 26, 2013, a scheduling order issued setting the following dates in this matter:

Discovery deadline: November 1, 2013.

Initial expert disclosures deadline: March 1, 2014

Rebuttal expert disclosures deadline: April 1, 2014.

Pretrial motions: May 1, 2014.

Final pretrial conference (MCE): July 10, 2014

Jury trial (MCE): September 2, 2014

B. Facts Underlying Dispute

1. The Rule 26(f) Conference and the Discovery Plan

In November 2012, a Rule 26(f) conference was held in which all of the then-appearing parties participated except for Sidney B.[3] In Sidney B.'s separately filed status report before the court's June 2013 scheduling conference, he argued that the conference took place "before all parties were served, defaulted, or answered." Rule 26(f), however, does not have a requirement that the conference take place after all parties have been "served, defaulted, or answered." Rather, Rule 26(f) states that "[t]he attorneys of record and all unrepresented parties *that have appeared in the case* are jointly responsible for arranging the conference . . . ." Fed. R. Civ. P. 26(f)(2) (emphasis added). Thus, as of November 2012, all parties who "ha[d] appeared in this case" participated in the Rule 26(f) conference except for Sidney B.

Sidney B. also did not participate in the preparation of the discovery plan. At today's July 24, 2013 hearing, defense counsel asserted that Sidney B. did participate in the preparation of the joint discovery plan, albeit passively.

---

[3] Moving defendants Garcia and Canyon Falls appeared at the conference through their previous counsel. They are now represented by the same attorney as Sidney B.

2. The Moving Defendants' Motion to Compel

On March 21, 2013, the moving defendants served the following discovery on plaintiff:

> Sidney B.'s Special Interrogatories, Set One.
>
> Sidney B.'s Requests for Inspection and Production of Documents and Things, Set One.
>
> Garcia's Special Interrogatories, Set One.
>
> Garcia's Requests for Inspection and Production of Documents and Things, Set One.

The responses to these requests were due on Monday, April 22, 2013. The date for inspection was scheduled for April 22, 2013, but plaintiff did not appear.

On Tuesday, April 23, 2013, plaintiff emailed counsel for the moving defendants and requested a 45-day extension of time to respond pending appointment as his mother's administrator or personal representative, which would have granted plaintiff the authority to respond to the discovery requests on his mother's behalf.

The moving defendants granted plaintiff additional time to respond with the following conditions:

> Plaintiffs shall have 15 days to respond to all discovery requests, without any objections whatsoever since all objections have been waived.
>
> Propounding parties will not seek attorney fees and costs for the failure to appear at the inspection.
>
> All documents produced, shall be the originals, if available.
>
> All documents shall be scanned and placed on a CD with bate stamps
>
> The stipulation may be enforced as an order compelling discovery.

On April 29, 2013, plaintiff objected via email to the 15-day versus 45-day extension of time. Plaintiff also asserted that he in no way waived objections to the propounded discovery, and that the requests were most likely improper since the moving defendants failed to participate in the Rule 26(f) conference and to serve initial disclosures.

The moving defendants now move to compel responses without objections. They also seek sanctions pursuant to Rule 37(d).

3. Plaintiff's Cross-Motion to Strike

Plaintiff moves to strike the moving defendants' discovery requests and to deny their motion to compel for failure to make initial disclosures, failure to participate in the Rule 26(f) conference, and failure to comply with the court's local rules regarding the filing of a joint discovery statement.

LEGAL STANDARDS

A. Motion to Compel

Rule 26 requires a party to make certain initial disclosures "without awaiting a discovery request." Fed. R. Civ. P. 26(a)(1). "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A).

Rule 33 requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "[I]f a party fails to answer an interrogatory submitted under Rule 33," a party seeking discovery may move to compel. Fed. R. Civ. P. 37(a)(3)(B)(iii).

Rule 34 requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). "An objection to part of a request [for production of documents] must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). A party seeking discovery may also move to compel when "a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).

The party opposing discovery bears the burden of resisting disclosure. See Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975); Franklin v. Smalls, 2012 WL 5077630 (S.D. Cal. Oct. 18, 2012).

B. Motion to Strike

"[T]he court may order stricken from any *pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis

added). "Under the express language of the rule, only pleadings are subject to motions to strike." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). However, "[a] party or any person from whom discovery is sought may move for a protective order." Fed. R. Civ. P. 26(c)(1). The court may issue an order "specifying terms, including time and place, for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(B). But "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1).

## DISCUSSION

### A. The Moving Defendants' Motion to Compel

The moving defendants seek an order directing plaintiff to respond to their discovery requests. Plaintiff opposes the motion, arguing that it should be denied for failure to comply with the requirements of Local Rule 251(b) and (e).

Local Rule 251(b) establishes requirements for any party bringing a motion pursuant to Federal Rules of Civil Procedure 26 through 37, including the requirement that the parties meet and confer and file a joint discovery statement. Here, no joint discovery statement was filed. Additionally, other than the email exchange between the parties regarding plaintiff's request for an extension of time, there is no indication that the parties have met and conferred regarding the instant dispute.

Local Rule 251(b)'s requirement may be bypassed "(1) when there has been a complete and total failure to respond to a discovery request or order, or (2) when the only relief sought by the motion is the imposition of sanctions." Local Rule 251(e).

The moving defendants argue that Local Rule 251(e) excuses them from compliance with the meet and confer and joint statement requirements, because plaintiff has completely failed to respond to discovery. While it is true that plaintiff has not yet provided formal discovery responses, there has not been a "total failure to respond to a discovery request" since plaintiff (via email) asked for an extension of time to respond twice, listed his objections to the discovery requests, and expressed his concerns regarding his potential appointment as personal representative of his mother's probate estate. See Suhovy v. Sara Lee Corp., 2013 WL 2100562,

at *1 (E.D. Cal. May 14, 2013) (where plaintiff's counsel confirmed that she intended to shortly provide responses to discovery, there was no "complete and total failure" to respond).

Because the moving defendants did not satisfy Local Rule 251(b)'s meet and confer requirement and the joint discovery statement requirement, the motion to compel discovery will be denied without prejudice.[4] See e.g., U.S. v. Molen, 2011 WL 1810499, at *8 (E.D. Cal. May 9, 2011) (where a party fails to comply with Local Rule 251, discovery motions are denied without prejudice for re-filing).

B. Plaintiff's Motion to Strike

In his cross-motion, plaintiff moves to strike the moving defendants' discovery requests on the grounds that they have not yet served initial disclosures and they have failed to participate in the Rule 26(f) conference / preparation of the discovery plan.

1. Failure to Serve Initial Disclosures

Plaintiff argues first that the moving defendants' discovery requests should be stricken because they failed to serve initial disclosures.

Rule 26(a)(1) directs litigants to serve initial disclosures without awaiting a discovery request. Fed. R. Civ. P. 26(a)(1). Failure to comply with this Rule authorizes any other party to move to compel disclosure and for appropriate sanctions. See Fed. R. Civ. P. 37(a)(3)(A). Unless a different time is set by stipulation or court order, initial disclosures must be made within 14 days of the parties' Rule 26(f) conference. Fed. R. Civ. P. 26(a)(1)(C). A party is not excused from making its initial disclosures because it has not fully investigated the case. Fed. R. Civ. P. 26(a)(1)(E). In this case, Judge England's October 31, 2011 order directed the parties to confer in person about the automatic disclosures within 30 days after a defendant answers. See ECF No. 4 at 1.

If a party fails to provide information as required by Rule 26(a), then "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). Rule

[4] It should also be noted that there is no joint discovery statement regarding plaintiff's motion to strike, either.

37(c) "gives teeth" to the requirements of Rule 26(a) so courts are given a particularly wide latitude to issue sanctions under Rule 37(c)(1). Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) (holding district court did not abuse its discretion in excluding testimony of defendant's only damages expert as a sanction). Generally, the exclusion penalty is "self-executing" and "automatic." Hoffman v. Constr. Protective Servs., Inc., 541 F.3d 1175, 1180 (9th Cir. 2008) (noting Rule 37(c)(1)'s exclusion sanction provides a strong inducement for disclosure of material and affirming district court's preclusion of undisclosed damages evidence). In addition to or instead of exclusionary sanction, the court, on motion and after giving an opportunity to be heard, "may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."[5] Fed. R. Civ. P. 37(c)(1)(C).

The moving defendants argue that the issue of initial disclosures is irrelevant because Rule 26(f) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ." But initial disclosures pursuant to Rule 26(a)(1) must be served *without awaiting a discovery request*.

Regardless, plaintiff concedes that Garcia and Canyon Falls served initial disclosures before current counsel substituted in and that those disclosures were sufficient. As to Sidney B., counsel stated at the July 24, 2013 hearing that he recognized his failure to serve the initial disclosures earlier and that he attempted to remedy that mistake by serving them one week ago.

Based on these representations, the court does not find sanctions, including the striking of the moving defendants' discovery requests, to be warranted.

2. Failure to Participate in Rule 26(f) Conference

Plaintiff also moves to strike the moving defendants' discovery requests because Sidney B. failed to participate in the Rule 26(f) conference.

Rule 26(f) requires the parties to "confer as soon as practicable—and in any event at least

[5] This Rule provides the following orders: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party.

21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)," in order to "develop a proposed discovery plan." Fed. R. Civ. P. 26(f)(1), (2). The Rule further provides that "[t]he attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan." Fed. R. Civ. P. 26(f)(2).

In opposition to plaintiff's motion to strike, Sidney B. argues that the spirit of Rule 26(f) was met through a number of emails exchanged between the parties for over a year before any written discovery was served.

But whether or not Sidney B. participated in the Rule 26(f) conference cannot serve as the basis for striking the discovery requests or denying the motion to compel. Rule 37(f) provides only that "[i]f a party or its attorney fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f), the court may, after giving an opportunity to be heard, require that party or attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(f). There is no request for attorney's fees here – indeed, there cannot be since plaintiff is proceeding in pro per.

Therefore, plaintiff's motion to strike will be denied.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's June 4, 2013 motion to compel (ECF No. 124) is denied; and
2. Plaintiff's cross-motion to strike (ECF No. 135) is denied.

DATED: July 24, 2013

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;dunm2867.mtc